UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

JINGBIN JIANG and
SU JIAN LIU,
    a/k/a "Fatty,"
    a/k/a "Ah Pang,"

           Defendants.

**SEALED INDICTMENT**

25 Cr.

25 CRIM 334

## COUNT ONE
### (Conspiracy to Commit Wire Fraud)

The Grand Jury charges:

### Overview

1.    Between at least in or about 2023 and in or about July 2025, JINGBIN JIANG and

SU JIAN LIU, a/k/a "Fatty," a/k/a "Ah Pang," the defendants, participated with others in a

fraudulent scheme that primarily targeted elderly victims located all across the United States,

including in New York, New Jersey, Pennsylvania, Massachusetts, Texas, Washington,

Wisconsin, California, Connecticut, Arizona, North Carolina, South Carolina, Missouri,

Mississippi, Kentucky, Utah, Oregon, Colorado, and Montana. The scheme proceeded in the

following manner:

    a.    First, victims would typically see a pop-up message on their computers

indicating that they needed to call a particular phone number controlled by members of the scheme.

The pop-up message would typically claim to come from a technology company, a bank, or the

government.

b.    Second, when victims called the phone number, they were told a fictitious narrative that would ultimately lead to a suggestion that the victims withdraw money from their bank account. For example, some victims were falsely told that their computers had a virus, or that their computers had been hacked into and used to commit serious crimes, like downloading child sexual abuse material. Others were falsely told that their bank accounts had been compromised and were vulnerable to unauthorized withdrawals. To avoid arrest or protect their bank accounts from being compromised, victims were instructed to withdraw large amounts of cash from their bank accounts or purchase large quantities of gold. Some victims were even told that their money would be safely held in the custody of a consumer protection agency like the Federal Trade Commission, and they were sent notices on fake federal government letterhead purporting to bear the signature of a federal government official:



**FEDERAL TRADE COMMISSION**
PROTECTING AMERICA'S CONSUMERS

Federal Safety Locker Deposit Confirmation

Date: May 15, 2024
Name:
Transaction Amount: 276,149.31
Date of birth:
E-mail:
Address:                                          USA

On May 15ᵗʰ 2024, you have successfully deposited a total of USD $276,149.31 into the federal safety locker in the form of gold generated under the name of

The total amount deposited into the federal safety locker as of May 15ᵗʰ 2024 is USD 300949.31.

This money will be kept in custody of the Federal Trade Commission until the investigation is over and once your new bank account is opened with New York community bank, we will deposit this money directly into your bank account.

Regards,

Chair
Federal Trade Commission

c.      Third, many victims were told that a courier would be arriving at their home (or other coordinated pick-up location) to retrieve the gold and/or cash. Victims were often provided with the courier's name (which was fictitious), a description of the courier's clothing, and sometimes a password, purportedly to ensure the courier was authorized to pick up the gold and/or cash. Other victims were told to purchase and transfer cryptocurrency or gift cards, which did not require a courier. Victims were typically under the impression that this gold and/or cash would then be deposited, on the victims' behalf, into a new, safe, uncompromised bank account (or with the Federal Trade Commission, as noted above) that they could access without concern in the future. In reality, these funds were stolen and never returned to the victims. Some victims engaged in multiple transactions before realizing the fraudulent nature of the scheme.

2.      JINGBIN JIANG and SU JIAN LIU, a/k/a "Fatty," a/k/a "Ah Pang," the defendants, participated in the scheme by managing and supervising the couriers that traveled to meet the victims to pick up the cash and gold, which was then transported back to New York City. JIANG and LIU received information about potential victims from other members of the scheme on text-messaging platforms, in messages that typically included the zip codes and the amounts of cash or gold to be collected from each victim. JIANG and LIU could then decide whether to accept the pick-up, and if they did, the other members of the scheme would provide more specific details about the victim and when and where to pick up the cash or gold. After arranging for couriers to make the pick-ups, JIANG and LIU would provide updates to other members of the scheme about the couriers' progress. After the victims provided the criminal proceeds to the couriers, JIANG and LIU arranged for the criminal proceeds to be distributed to other members of the scheme, including by converting cash and gold into cryptocurrency to be easily transmitted to members of the scheme located overseas, including in India and China. In total, members of the conspiracy

3

have attempted to steal at least approximately $18 million from over 350 victims, and they have
successfully stolen at least approximately $5 million from over 70 victims.

Statutory Allegations

3.      From at least in or about 2023 through at least in or about July 2025, in the Southern
District of New York and elsewhere, JINGBIN JIANG and SU JIAN LIU, a/k/a "Fatty," a/k/a "Ah
Pang," the defendants, and others known and unknown, willfully and knowingly combined,
conspired, confederated, and agreed together and with each other to commit wire fraud, in violation
of Title 18, United States Code, Section 1343.

4.      It was a part and an object of the conspiracy that JINGBIN JIANG and SU JIAN
LIU, a/k/a "Fatty," a/k/a "Ah Pang," the defendants, and others known and unknown, knowingly
having devised and intending to devise a scheme and artifice to defraud, and for obtaining money
and property by means of false and fraudulent pretenses, representations, and promises, would and
did transmit and cause to be transmitted by means of wire, radio, and television communication in
interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of
executing such scheme and artifice, which affected a financial institution, in violation of Title 18,
United States Code, Section 1343, to wit, JIANG, LIU, and others agreed to make and cause to be
made false statements to obtain money and property from victims—including false reports that
victims needed to give members of the scheme cash or gold because the victims' computers had
viruses or contained evidence of criminal activity—and they engaged in and caused others to
engage in telephone calls, text messaging, and electronic wire transfers to and from the Southern
District of New York and elsewhere, in furtherance of that scheme.

(Title 18, United States Code, Section 1349.)

## COUNT TWO
**(Conspiracy to Commit Interstate Transportation of Stolen Property)**

The Grand Jury further charges:

5.    From at least in or about 2023 through at least in or about July 2025, in the Southern District of New York and elsewhere, JINGBIN JIANG and SU JIAN LIU, a/k/a "Fatty," a/k/a "Ah Pang," the defendants, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit an offense against the United States, to wit, interstate transportation of stolen property, in violation of Title 18, United States Code, Section 2314.

6.    It was a part and an object of the conspiracy that JINGBIN JIANG and SU JIAN LIU, a/k/a "Fatty," a/k/a "Ah Pang," the defendants, and others known and unknown, would and did knowingly transport, transmit, and transfer in interstate and foreign commerce goods, wares, merchandise, securities and money, of the value of $5,000 and more, knowing the same to have been stolen, converted and taken by fraud, in violation of Title 18, United States Code, Section 2314.

### Overt Acts

7.    In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.    On or about November 29, 2023, JINGBIN JIANG and SU JIAN LIU, a/k/a "Fatty," a/k/a "Ah Pang," the defendants, sent a courier ("Courier-1") to pick up approximately $25,000 in cash from a 70-year-old victim located in New York, New York.

b.    On or about January 18, 2024, JIANG and LIU sent Courier-1 to pick up approximately 64 ounces of gold from a 69-year-old victim located in Commerce, Texas.

5

c.      On or about January 26, 2024, JIANG and LIU sent Courier-1 to pick up approximately $50,000 from a 70-year-old victim located in High Falls, New York.

d.      On or about May 7, 2024, JIANG and LIU sent a courier ("Courier-2) to pick up approximately 2 kilograms of gold from an 85-year-old victim located in Paris, Kentucky.

e.      On or about May 8, 2024, JIANG and LIU sent Courier-2 to pick up a quantity of gold from an 85-year-old victim located in Rock Hill, South Carolina.

(Title 18, United States Code, Section 371.)

## FORFEITURE ALLEGATIONS

8.      As a result of committing the offenses alleged in Count One and Count Two of this Indictment, JINGBIN JIANG and SU JIAN LIU, a/k/a "Fatty," a/k/a "Ah Pang," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

## Substitute Assets Provision

9.      If any of the above-described forfeitable property, as a result of any act or omission of JINGBIN JIANG and SU JIAN LIU, a/k/a "Fatty," a/k/a "Ah Pang," the defendants:

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third person;

c.      has been placed beyond the jurisdiction of the Court;

d.      has been substantially diminished in value; or

     e.     has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

**FOREPERSON**

JAY CLAYTON
United States Attorney

7